1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

| MICROSOFT CORPORATION, | NO. |
|---|---|
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

16   Plaintiff Microsoft Corporation ("Plaintiff" or "Microsoft") brings this action for

17   declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

18   552, as amended, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and

19   complains as follows:

20   **INTRODUCTION**

21   1.   Plaintiff seeks to compel the disclosure of records that were unlawfully withheld

22   by the Internal Revenue Service ("Defendant" or "IRS").

23   / / /

24   / / /

25   / / /

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 1

1

## JURISDICTION AND VENUE

2    2.    This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B).

3 The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

4    3.    Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

5

## PARTIES

6    4.    Plaintiff is a Washington corporation with its principal place of business located

7 in Redmond, Washington.

8    5.    Defendant is an agency of the United States government within the meaning of

9 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over

10 the records that Plaintiff seeks under the FOIA.

11

## STATUTORY FRAMEWORK

12    6.    The FOIA requires federal government agencies to release requested agency

13 records to the public unless one or more specific statutory exemptions apply.  5 U.S.C. §

14 552(a)(3)(A).

15    7.    Records are agency records subject to the FOIA if the agency created or

16 obtained them and the agency controlled them at the time the FOIA request is made.  *U.S.*

17 *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

18    8.    An agency has twenty (20) working days after receipt of a FOIA request in

19 which to determine whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  If the

20 agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de*

21 *novo*, the agency's failure to respond and order the production of any agency records

22 improperly withheld from the requester.  5 U.S.C. § 552(a)(4)(B).

23 / / /

24 / / /

25 / / /

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 2

**STATEMENT OF FACTS**

**A.      Introduction**

9.      Defendant, a bureau of the Department of the Treasury, is responsible for the administration and enforcement of the federal tax laws.

**B.      Plaintiff's FOIA Requests**

10.      On August 16, 2011, Plaintiff's counsel, on Plaintiff's behalf, filed two FOIA requests (collectively, the "FOIA Requests") with the IRS seeking access to certain records relating to its examination of Microsoft for the taxable years ended June 30, 2004, June 30, 2005, and June 30, 2006.

11.      One FOIA request sought access to all documents relating to the IRS Examination and 26 U.S.C. § 482 analysis of the cost-sharing buy-in under the Technology License Agreement dated April 3, 2004, covering the Asia, Southeast Asia, and South Pacific regions (the "APAC FOIA Request").  A true and correct copy of Plaintiff's APAC FOIA Request is attached hereto as Exhibit I.  Plaintiff's APAC FOIA Request sought:

(1)      All documents contained in the Examination Administrative Files relating to the examination of the APAC Transfer Pricing Issue, including but not limited to any of the following items described in the Internal Revenue Manual, whether maintained in electronic or hardcopy format:

(a)      Forms 4318 Examination Workpapers (Field Examination) and Forms 4318-A Continuation of Examination Workpapers.

(b)      Issue Lead Sheets and Sub-Issue Lead Sheets, supporting workpapers, index systems, pro forma audits, and pro forma interviews.

(c)      Forms 9984 Examining Officer's Activity Record.

(d)      Automated workpapers and reports.

(e)      Forms 3198 Special Handling Notices.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

(f)     Forms 3210 Document Transmittals.

(g)     Forms 5346 Examination Information Reports.

(h)     Revenue Agent Reports ("RAR")/Examination Reports.

(i)     Forms 4665 Report Transmittals.

(j)     Forms 3963 International Examiner's Reports.

(k)     Special Agents' Reports and Collateral Reports.

(2)     All communications, including e-mails, involving the members of the IRS Examination Team for Microsoft, or any other IRS employees or contractors, regarding, referring, or relating to the examination of the APAC Transfer Pricing Issue, whether maintained in electronic or hardcopy format, including but not limited to any communications involving:

(a)     Cheryl Potop-Jackson, Sr. Team Coordinator.

(b)     Chuck Davis, Team Manager.

(c)     Al White, International Team Manager.

(d)     Paul Weibel, International Examiner.

(e)     Fred Rapaport, International Examiner.

(f)     Doug Odell, International Examiner.

(g)     Bill McCarthy, IRS Counsel.

(h)     Christopher Miller, Economist Team Manager.

(i)     Joy Yen, IRS Economist.

(j)     Michael Danilack, LB&I Deputy Commissioner (International).

(k)     Patricia Chaback, Industry Director, Communications, Technology and Media.

(l)     Maria Hwang, Director, Field Operations (West).

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 4

(m)   Nancy Bronson, Program Manager (International).

(n)   Marty Walker, Territory Manager.

(3)   All documents constituting any Tax Litigation Division Legal File, Tax Litigation Advice File, Miscellaneous Law File, Chief Counsel Office Files, or Regional Counsel Office Files relating to the examination of the APAC Transfer Pricing Issue, whether maintained in electronic or hardcopy format.

(4)   All documents contained in files of, or maintained by the IRS in connection with the retention of, and work performed by, Ceteris, Inc., its officers, employees and contractors ("Ceteris") regarding, referring, or relating to the examination of the APAC Transfer Pricing Issue, including but not limited to any correspondence, memoranda, presentations and summaries, workpapers, forms, records, reports, transcripts, interviews, spreadsheets, data, databases, disks, files, cases, folders, packages, notices, notes, drafts, or other similar documents, whether in electronic or hardcopy format.

(5)   All documents contained in files of, or maintained by the IRS in connection with the retention of, and work performed by any other outside experts regarding, referring, or relating to the examination of the APAC Transfer Pricing Issue, including but not limited to any correspondence, memoranda, presentations and summaries, forms, records, reports, transcripts, interviews, spreadsheets, data, databases, disks, files, cases, folders, packages, notices, notes, drafts, or other similar documents, whether in electronic or hardcopy format.

(6)   Any memoranda, documents, reports, writings, notes, contact sheets, purchase orders and contracts that describe, discuss, summarize, memorialize or record the circumstances and details of the IRS's engagement of, or contracting with, Ceteris or any additional outside consultants ("Outside Consultants") relating to the examination of the APAC Transfer Pricing Issue:

(a)   Any documents in the IRS files prepared by the Appeals Office and the Office of Collection, Service Center and Appraisal Services that identify any of the Outside Consultants.  See I.R.M. 1.1.7.2.

(b)   Any documents in possession of the IRS kept in the LMSB or LB&I Outside Expert Program referencing any of the Outside Consultants, including:

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

(i)   Any written recommendations from Area Counsel and the Technical Advisor.  <u>See</u> I.R.M. 4.46.3.9.11.6.

(ii)   Any LMSB or LB&I Outside Expert Pre-Approval Worksheets.  <u>See</u> I.R.M. 4.46.3.9.11.4; I.R.M. 4.46.3.9.11.7.

(iii)   Any documents prepared, approved or rejected by the Engineer Territory Manager, Industry Team Manager, Industry Territory Manager, Field Specialists Team Manager(s), Field Specialists Territory Manager(s) or Engineer Manager evaluating the need for an outside expert.  <u>See</u> I.R.M. 4.46.3.9.10.4; I.R.M. 4.46.3.9.11.7.

(iv)   Any documents or information located in the files of the Field Specialist assigned as the Specialist "Point-of-Contact" (Specialist POC) referencing any of the Outside Consultants.  <u>See</u> I.R.M. 4.46.3.9.11.15; I.R.M. 4.46.3.9.11.16.

(v)   Any documents prepared by or sent from the Contracting Officer's Technical Representative, responsible for all liaisons with any Outside Consultants including budget requests, Request Tracking System entries and invoices. <u>See</u> I.R.M. 4.46.3.9.11.14; I.R.M. 35.4.4.8.2.1.

(c)   Any documents prepared by the IRS Chief Counsel, including the files of the Chief Counsel's library referencing any of the Outside Consultants.  <u>See</u> I.R.M. 35.4.4.8.1.

(d)   Any purchase orders or contracts prepared by the IRS Department of Contracts and Procurement referencing any of the Outside Consultants.  <u>See</u> I.R.M. 35.4.4.8.2.3.

(e)   Any files or packages entitled "Requesting Services of an Expert Witness" and the documents located therein, referencing the engagement of, or contracting with, any of the Outside Consultants as outside expert witnesses.  <u>See</u> I.R.M. 35.4.4.8.2.3.

(f)   Any documents prepared in reference to the Significant Case Program, including information contained on the APOLLO system referencing any of the Outside Consultants.  <u>See</u> I.R.M. 31.2.1.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

(7)     All communications between the Outside Consultants and/or the IRS regarding the establishment of any engagement of, or contracting with, each of the Outside Consultants to provide outside consulting services to the IRS in connection with the examination, appeal and/or prospective litigation of the APAC Transfer Pricing Issue.

(8)     To the extent not covered by the categories of documents listed above, all documents contained in any IRS administrative, legal or other files, or otherwise maintained by the IRS, regarding, referring, or relating to the issues described in the categories of documents listed above concerning the examination of the APAC Transfer Pricing Issue, including but not limited to any correspondence, memoranda, presentations and summaries, workpapers, forms, issues, records, reports, transcripts, interviews, spreadsheets, data, databases, disks, files, cases, folders, packages, notices, notes, drafts, or other similar documents, whether in electronic or hardcopy format.

12.     The second FOIA request sought all documents relating to the IRS Examination and 26 U.S.C. § 482 analysis of the cost-sharing buy-in under the Technology License Agreement dated July 1, 2005, and other intercompany transactions among Microsoft, Microsoft Operations Puerto Rico LLC ("MOPR") and Microsoft Puerto Rico, Inc., covering the Americas region (the "Americas FOIA Request").  A true and correct copy of Plaintiff's Americas FOIA Request is attached hereto as Exhibit II.  Plaintiff's Americas FOIA Request sought:

(1)     All documents contained in the Examination Administrative Files relating to the examination of the Americas Transfer Pricing Issue, including but not limited to any of the following items described in the Internal Revenue Manual, whether maintained in electronic or hardcopy format:

(a)     Forms 4318 Examination Workpapers (Field Examination) and Forms 4318-A Continuation of Examination Workpapers.

(b)     Issue Lead Sheets and Sub-Issue Lead Sheets, supporting workpapers, index systems, pro forma audits, and pro forma interviews.

(c)     Forms 9984 Examining Officer's Activity Record.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44ᵗʰ FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

(d)     Automated workpapers and reports.

(e)     Forms 3198 Special Handling Notices.

(f)     Forms 3210 Document Transmittals.

(g)     Forms 5346 Examination Information Reports.

(h)     Revenue Agent Reports ("RAR")/Examination Reports.

(i)     Forms 4665 Report Transmittals.

(j)     Forms 3963 International Examiner's Reports.

(k)     Special Agents' Reports and Collateral Reports.

(2)     All communications, including e-mails, involving the members of the IRS Examination Team for Microsoft, or any other IRS employees or contractors, regarding, referring, or relating to the examination of the Americas Transfer Pricing Issue, whether maintained in electronic or hardcopy format, including but not limited to any communications involving:

(a)     Cheryl Potop-Jackson, Sr. Team Coordinator.

(b)     Chuck Davis, Team Manager.

(c)     Al White, International Team Manager.

(d)     Paul Weibel, International Examiner.

(e)     Fred Rapaport, International Examiner.

(f)     Doug Odell, International Examiner.

(g)     Bill McCarthy, IRS Counsel.

(h)     Christopher Miller, Economist Team Manager.

(i)     Joy Yen, IRS Economist.

(j)     Michael Danilack, LB&I Deputy Commissioner (International).

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 8

(k)   Patricia Chaback, Industry Director, Communications, Technology and Media.

(l)   Maria Hwang, Director, Field Operations (West).

(m)   Nancy Bronson, Program Manager (International).

(n)   Marty Walker, Territory Manager.

(3)   All documents constituting any Tax Litigation Division Legal File, Tax Litigation Advice File, Miscellaneous Law File, Chief Counsel Office Files, or Regional Counsel Office Files relating to the examination of the Americas Transfer Pricing Issue, whether maintained in electronic or hardcopy format.

(4)   All documents contained in files of, or maintained by the IRS in connection with the retention of, and work performed by, Ceteris, Inc., its officers, employees and contractors ("Ceteris") regarding, referring, or relating to the examination of the Americas Transfer Pricing Issue, including but not limited to any correspondence, memoranda, presentations and summaries, workpapers, forms, records, reports, transcripts, interviews, spreadsheets, data, databases, disks, files, cases, folders, packages, notices, notes, drafts, or other similar documents, whether in electronic or hardcopy format.

(5)   All documents contained in files of, or maintained by the IRS in connection with the retention of, and work performed by any other outside experts regarding, referring, or relating to the examination of the Americas Transfer Pricing Issue, including but not limited to any correspondence, memoranda, presentations and summaries, workpapers, forms, records, reports, transcripts, interviews, spreadsheets, data, databases, disks, files, cases, folders, packages, notices, notes, drafts, or other similar documents, whether in electronic or hardcopy format.

(6)   Any memoranda, documents, reports, writings, notes, contact sheets, purchase orders and contracts that describe, discuss, summarize, memorialize or record the circumstances and details of the IRS's engagement of, or contracting with, Ceteris or any additional outside consultants ("Outside Consultants") relating to the examination of the Americas Transfer Pricing Issue:

(a)   Any documents in the IRS files prepared by the Appeals Office and the Office of Collection, Service Center and Appraisal Services that identify any of the Outside Consultants.  See I.R.M. 1.1.7.2.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 9

(b)    Any documents in possession of the IRS kept in the LMSB or LB&I Outside Expert Program referencing any of the Outside Consultants, including:

    (i)    Any written recommendations from Area Counsel and the Technical Advisor.  <u>See</u> I.R.M. 4.46.3.9.11.6.

    (ii)    Any LMSB or LB&I Outside Expert Pre-Approval Worksheets.  <u>See</u> I.R.M. 4.46.3.9.11.4; I.R.M. 4.46.3.9.11.7.

    (iii)    Any documents prepared, approved or rejected by the Engineer Territory Manager, Industry Team Manager, Industry Territory Manager, Field Specialists Team Manager(s), Field Specialists Territory Manager(s) or Engineer Manager evaluating the need for an outside expert.  <u>See</u> I.R.M. 4.46.3.9.10.4; I.R.M. 4.46.3.9.11.7.

    (iv)    Any documents or information located in the files of the Field Specialist assigned as the Specialist "Point-of-Contact" (Specialist POC) referencing any of the Outside Consultants.  <u>See</u> I.R.M. 4.46.3.9.11.15; I.R.M. 4.46.3.9.11.16.

    (v)    Any documents prepared by or sent from the Contracting Officer's Technical Representative, responsible for all liaisons with any Outside Consultants including budget requests, Request Tracking System entries and invoices.  <u>See</u> I.R.M. 4.46.3.9.11.14; I.R.M. 35.4.4.8.2.1.

(c)    Any documents prepared by the IRS Chief Counsel, including the files of the Chief Counsel's library referencing any of the Outside Consultants.  <u>See</u> I.R.M. 35.4.4.8.1.

(d)    Any purchase orders or contracts prepared by the IRS Department of Contracts and Procurement referencing any of the Outside Consultants.  <u>See</u> I.R.M. 35.4.4.8.2.3.

(e)    Any files or packages entitled "Requesting Services of an Expert Witness" and the documents located therein, referencing the engagement of, or contracting with, any of the Outside Consultants as outside expert witnesses.  <u>See</u> I.R.M. 35.4.4.8.2.3.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 10

      (f)     Any documents prepared in reference to the Significant Case Program, including information contained on the APOLLO system referencing any of the Outside Consultants.  See I.R.M. 31.2.1.

   (7)    All communications between the Outside Consultants and/or the IRS regarding the establishment of any engagement of, or contracting with, each of the Outside Consultants to provide outside consulting services to the IRS in connection with the examination, appeal and/or prospective litigation of the Americas Transfer Pricing Issue.

   (8)    To the extent not covered by the categories of documents listed above, all documents contained in any IRS administrative, legal or other files, or otherwise maintained by the IRS, regarding, referring, or relating to the issues described in the categories of documents listed above concerning the examination of the Americas Transfer Pricing Issue, including but not limited to any correspondence, memoranda, presentations and summaries, workpapers, forms, issues, records, reports, transcripts, interviews, spreadsheets, data, databases, disks, files, cases, folders, packages, notices, notes, drafts, or other similar documents, whether in electronic or hardcopy format.

13.     The IRS's Disclosure Office consolidated the FOIA Requests.

14.     On April 29, 2015, nearly four years after submitting the FOIA Requests, the IRS's Disclosure Office released 2,564 responsive records, partially withheld 583 responsive records, and fully withheld 6,069 responsive records (the "IRS FOIA Response").  *See* Exhibit III (attached).

15.     On June 2, 2015, Plaintiff administratively appealed the withholding of documents in the IRS FOIA Response to Defendant's Appeals Division.

16.     On July 9, 2015, Defendant's Appeals Division upheld the withholding of documents in IRS FOIA Response.

17.     Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

1

## CAUSES OF ACTION

2

### First Cause of Action
### (Production Under the FOIA)

3

4       18.     Plaintiff asserts and incorporates by reference paragraphs 1-17.

5       19.     Plaintiff properly requested records within Defendant's control and possession

6  in accordance with the FOIA.

7       20.     Plaintiff is entitled under the FOIA to access the requested records.

8       21.     Defendant wrongfully withheld responsive records in violation of the FOIA.

9       22.     Plaintiff exhausted its administrative remedies with regard to the wrongfully

10 withheld records.

11
### Second Cause of Action
### (Violation of the APA)

12

13      23.     Plaintiff asserts and incorporates by reference paragraphs 1-17.

14      24.     Plaintiff properly requested records within Defendant's control in accordance

15 with the FOIA.

16      25.     Plaintiff is entitled under the FOIA to access the requested records.

17      26.     Defendant's improper withholding of documents responsive to Plaintiff's FOIA

18 Requests constitutes agency action unlawfully withheld and unreasonably delayed, in violation

19 of the APA.  Defendant's improper withholding or redaction is arbitrary, capricious, an abuse

20 of discretion, not in accordance with law, and without observance of procedure required by

21 law, all in violation of the APA.

22                            **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff prays that this Court:

24      a.      declare that Defendant's failure to disclose the records requested by Plaintiff is

25 unlawful;

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 12

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44ᵗʰ FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

1         b.     enjoin Defendant from redacting or withholding and order Defendant to disclose

2    the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

3         c.     award Plaintiff its costs and reasonable attorney fees, in accordance with 5

4    U.S.C. § 552(a)(4)(E); and

5         d.     grant such other and further relief as the Court may deem just and proper.

6         DATED this 7th day of October, 2015.

7         CALFO HARRIGAN LEYH & EAKES LLP

8         By_____*s/ Patricia A. Eakes*_____

9         By_____*s/ Andrea D. Ostrovsky*_____

10        Patricia A. Eakes, WSBA #18888
          Andrea D. Ostrovsky, WSBA #37749

11        999 Third Avenue, Suite 4400
          Seattle, WA  98104

12        Phone:  (206) 623-1700
          Fax:  (206) 623-8717

13        Email: pattye@calfoharrigan.com

14        andreao@calfoharrigan.com

15        BAKER & McKENZIE LLP

16        Daniel A. Rosen, NYBA #2790442

17        *Pro Hac Vice* Application Forthcoming
          452 Fifth Avenue

18        New York, NY  10018
          Phone:  (212) 626-4272

19        Fax:  (212) 310-1672

20        Email:  daniel.rosen@bakermckenzie.com

21        James M. O'Brien, ILBA #6180576

22        *Pro Hac Vice* Application Forthcoming
          300 East Randolph Street, Suite 5000

23        Chicago, Illinois 60601
          Phone:  (312) 861-8602

24        Fax:  (312) 698-2323
          Email:  james.m.o'brien@bakermckenzie.com

25        *Attorneys for Plaintiff Microsoft Corporation*

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717