HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                  Plaintiff,<br><br>  vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>                  Defendant. | NO. 2:15-cv-01605 RSM<br><br>IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR<br>AUGUST 22, 2022 |

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 1

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

The IRS moved for summary judgment because it has conducted a reasonable search for records responsive to Plaintiff's FOIA requests and is only withholding records exempt from disclosure under 5 U.S.C. § 552(b). In a sweeping and speculative approach, Plaintiff opposes the motion, challenging the adequacy of the IRS's search, the sufficiency of the IRS's *Vaughn* index, and most of the IRS's exemption claims. Plaintiff is incorrect on all fronts. The Court should therefore grant summary judgment in the IRS's favor.

## I. ARGUMENT

### A. The IRS conducted a reasonable search for records

A FOIA search is adequate if the agency establishes that it executed "a search reasonably calculated to uncover all relevant records." *Silbaugh v. Pizzella*, No. C18-1182-JCC, 2019 WL 4392502, at *3 (W.D. Wash. Sept. 13, 2019) (citation omitted). The adequacy of an agency's search for records "is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Schoenman v. FBI*, 764 F. Supp. 2d 40, 55 (D.D.C. 2011). The agency's burden is "to show that its search efforts were reasonable and logically organized to uncover relevant documents; it need not knock down every search design advanced by every requester." *Dibacco v. U.S. Army*, 795 F.3d 178, 190 (D.C. Cir. 2015). "There is no requirement that an agency search every record system . . .; rather, it may limit its search to only those locations where responsive documents likely are maintained." *Dillon v. Dep't of Just.*, 102 F. Supp. 3d 272, 282 (D.D.C. 2015) (citation omitted).

Agency declarations "are afforded a presumption of good faith," and only evidence that the agency's search was not conducted in good faith will suffice to rebut an adequate declaration about the agency's search. *Barouch v. U.S. Dep't of Just.*, 962 F. Supp. 2d 30, 52–53 (D.D.C. 2013). A requester cannot challenge the adequacy of a search by "purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted). Absent countervailing evidence, affidavits

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 2

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

that explain in reasonable detail the scope and method of the search conducted by the agency will thus suffice to show compliance with the obligations imposed by the FOIA. *Dillon*, 102 F. Supp. 3d at 282 (citations omitted). Moreover, the responding agency's declaration need not "set forth with meticulous documentation the details of an epic search for the requested records," *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982), but they should "describe what records were searched, by whom, and through what processes." *Talbot v. U.S. Dep't of State*, 373 F. Supp. 3d 212, 217 (D.D.C. 2018) (quotation omitted).

The FOIA requests at issue in this suit date back to 2011 and relate to one of the largest audits in the IRS's history. Given the scope of the requests and number of custodians involved, the IRS used several different, sometimes overlapping, search methods to ensure that the agency's search was reasonably calculated to unearth records responsive to Plaintiff's requests. For example, the IRS used IRS IT to capture most of the custodians' ESI, while custodians had to do self-searches for responsive hard-copy documents. (ECF doc. 51-1 (Goodson Decl.) ¶¶ 16–21, 28.) In response to Plaintiff's requests, the IRS ultimately released about 91,900 pages in full, 13,000 pages in part, and withheld 78,600 pages in full.

Plaintiff's opposition first attacks the IRS's search declaration by identifying only a few allegedly vague "gaps" in the search, which occurred over 10 years ago. Plaintiff believes that the IRS should explain with meticulous detail why the ESI of only three custodians of four previously separated custodians was found and speculates that some ESI would be on the custodian's personally assigned network locations or on the IRS's enterprise server. The IRS's affidavits are, however, entitled to a presumption of good faith, and cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc.*, 926 F.2d at 1200.

The IRS's detailed declaration here further elaborates on "what records were searched, by whom and through what processes" for the four custodians Plaintiff challenges. Under the

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 3

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

current practices around that time, the IRS operated under a paper-based retention system and did not have a consistent formal policy for the continued retention of electronic data. (Valvardi Supp. Decl. ¶¶ 4–5.) The four custodians at the time of the ESI collection had already separated months, or even years, before Plaintiff submitted its FOIA requests. (Goodson Decl. ¶ 22.) The IRS's declaration explains that IRS IT was asked via an EDR memorandum to collect ESI for these custodians. (*Id.* ¶¶ 18–22.) When implementing an EDR, the IT group copies files stored on an employee's hard drive, any shared or external drives, and email stored in the Microsoft Exchange servers. (*Id.*) IRS IT only found ESI of three out of the four custodians. (*Id.*)

Plaintiff similarly challenges the IRS's call as to the responsiveness of its files. Plaintiff complains the IRS failed to explain why it treated records as nonresponsive if custodians maintained the records in folders with names identified as relating to other taxpayers or to "domestic or other unrelated issues." But the IRS did,[1] and it was unlikely to find records responsive to Plaintiff's FOIA requests in folders labeled with subjects that were not identified in those requests. (Valvardi Supp. Decl. ¶¶ 6–7.) Plaintiff again simply speculates with no evidence that these folders contained records responsive to its requests.

Plaintiff finally argues that the IRS employed an "inexplicably inconsistent" search process because the agency allowed two custodians to opt out of the ESI data capture process and instead do a self-search. But there is nothing under the FOIA preventing custodians from doing a self-search, which was the IRS's standard procedure at the time of Plaintiff's requests. (Goodson Decl. ¶ 32.) The IRS thus searched all locations likely to contain responsive records, (Goodson 2d Decl. ¶ 7), and its declarations explain in reasonable detail the scope and method of the search sufficient to meet its FOIA obligations. *Dillon*, 102 F. Supp. at 282.

---

[1] This approach helped cull the collected records to those potentially responsive to Microsoft's requests because a keyword search with "Microsoft" could return documents created using Microsoft Word or Excel and otherwise unrelated to Plaintiff. (Goodson Decl. ¶ 42; Valvardi Supp. Decl. ¶ 7.)

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 4

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

Plaintiff provides no evidence that such searches by Christopher Bello and Patricia Chaback were not done in good faith or were not reasonably calculated to uncover all responsive records. *SafeCard Servs., Inc.*, 926 F.2d at 1200. Instead, Plaintiff tries to penalize the IRS for adapting its methodology to maximize the search beyond the requirements of the FOIA.

### B. The IRS's *Vaughn* index and declarations provide sufficient information to evaluate the merits of its claimed exemptions

Under the FOIA, the agency bears the burden of showing that any withheld information falls into one or more of the Act's exemptions. 5 U.S.C. § 552(a)(4)(B). That said, context dictates the court's approach to how much detail or particularity is required. *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 147–48 (D.C. Cir. 2006). The court's analysis of a *Vaughn* index is functional. *See Judicial Watch, Inc.*, 449 F.3d at 148. The D.C. Circuit has made clear that "materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege." *Gallant v. NLRB*, 26 F.3d 168, 173 (D.C. Cir. 1994) (citation omitted). The Court should therefore consider the IRS's *Vaughn* index and its exemption declaration together in determining whether an asserted exemption applies.

As for the index's contents, "categorization and repetition provide efficient vehicles by which a court can review withholdings that implicate the same exemption for similar reasons," "[e]specially where the agency has disclosed and withheld a large number of documents." *Jud. Watch, Inc.*, 449 F.3d at 147 ("No rule of law precludes [an agency] from treating common documents commonly."). In fact, "particularity may actually impede court review" in these cases. *Id.* Nor is there necessarily any problem with an agency's *Vaughn* index tracking the statutory language of the relevant exemption. *See Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1138 (D.C. Cir. 2001) ("It is not the agency's fault that thousands of documents belonged in the same category, thus leading to exhaustive repetition.").

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 5

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

Plaintiff's general grievances that the IRS's *Vaughn* index includes repetitive entries and lacks important information about withheld records are thus unavailing.[2] Plaintiff not only disregards the exemption declaration, but also neglects to tie its grievances to a specific exemption. Courts have in non-FOIA cases denied such broad privilege objections when plaintiffs fail to identify specific log entries they challenged and provide only "exemplar" deficient log entries instead.[3] *See United Affiliates Corp. v. United States*, 154 Fed. Cl. 335, 341 (2021). *Steele v. United States*, 2022 U.S. Dist. LEXIS 127291, at *12 (D.D.C. July 19, 2022) (denying motion to compel "[b]ecause plaintiffs did not produce a set of objections that identifies each log entry" (quotation omitted)). In any event, when applicable[4] and not otherwise apparent on the face of the document, the IRS's *Vaughn* index includes date, author, recipient, and subject.

Plaintiff's contentions that the IRS fails to properly identify document families and improperly withholds non-responsive information are similarly cursory and context-free. First, records that are not responsive cannot be withheld for the very reason that they are not part of the universe of records responsive to the requests. Second, Plaintiff argues that an email and its attachments should be considered a single agency record. But that is not a per se rule. *Judge*

---

[2] Plaintiff identified about 4,360 entries in the IRS's *Vaughn* index for which records were not produced. These entries are for records that are being withheld in full and it was unnecessary to produce them to Plaintiff because if they were, they would simply consist of blacked out and redacted pages. (Valvardi Supp. Decl. ¶ 10.) Plaintiff also identified 52 entries without exemption information. These entries should have been deleted, as their associated records were either produced in full or were non-responsive. (*Id.* ¶ 11.) Plaintiff further identified four redacted documents that were allegedly not included in the *Vaughn* index. Three of the documents have been/will be produced in full, and the last should have been included in the index as the last pages of another document. (*Id.* ¶ 11.)

[3] "Among the Court, Plaintiffs, and the Government, Plaintiffs are the ones best suited to figure out what they object to." *United Affiliates Corp.*, 154 Fed. Cl. At 341. Put another way, "[a] party should not expect a court to do the work that it elected not to do." *Hughes v. B/E Aerospace, Inc.*, No. 1:12CV717, 2014 U.S. Dist. LEXIS 29535, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014).

[4] As corrected in the amended *Vaughn* index, the "From" field for 77 fully withheld documents Plaintiff identified and the "To" field for 80 fully withheld documents Plaintiff identified should have stated that this information was not reflected on the document. (Valvardi Supp. Decl. ¶ 13.)

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 6

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

*Rotenberg Educ. Ctr., Inc. v. FDA*, 376 F. Supp. 3d 47, 61 (D.D.C. 2019). As with all other aspects of FOIA, the agency decides what is an agency record first, and then the court decides whether the agency's explanation for its decision is reasonable. *See Shapiro v. CIA*, 247 F. Supp. 3d 53, 74–75 (D.D.C. 2017).

During review, the IRS treated emails and attachments as separate records, with their own responsiveness and privilege determinations. (Valvardi Supp. Decl. ¶ 14.) For example, if an email had multiple attachments but only one attachment was responsive to the FOIA requests, the IRS determined that attachment and the parent email to be responsive, but marked the rest of the attachments as non-responsive.[5] (*Id.*) As a result, the IRS is not impermissibly withholding non-responsive material from a record, but properly marking records as non-responsive, specifically attachments, which are separate from their parent emails.[6]

Although not statutorily required, the IRS has nevertheless provided information about the link between an email and its attachments as an accommodation where it could do so programmatically through the Clearwell software for the over 8,000 entries in the *Vaughn* index.[7] In any event, Plaintiff has identified only a few examples of allegedly document-family deficiencies and fails to explain how such information would help it determine the sufficiency of

---

[5] The IRS's *Vaughn* index thus does not include all document attachments for 0.7.72.451570, as the allegedly "missing" attachments identified by Plaintiff were marked as non-responsive. (Valvardi Supp. Decl. ¶ 16.)

[6] The holding in *Am. Immigr. Lawyers Ass'n v. Exec. Office of Immigr. Rev.*, 830 F.3d 667, 677 (D.C. Cir. 2016) that an agency must provide the requester with the entire record once it has deemed a record responsive unless a statutory exemption applies thus does not apply to emails and attachments when they are treated as separate records. *Cf. Shapiro*, 247 F. Supp. at 74–75 (the agency first defines what is a record).

[7] Clearwell document identification numbers ("DocID") can show links among a native email and its attachments if the email is uploaded to the Clearwell database in its native format. (Valvardi Supp .Decl. ¶ 17.) DocID numbers in any event may not always reflect an email and its attachments because each pdf has its own DocID. (*Id.*) Thus, one DocID could span multiple records if hard copy records were scanned together as one pdf. The IRS during review provided a separate *Vaughn* index entry for each type of withheld information within these "multi-record" pdfs. (*Id.*) As a result, the index contains duplicate DocIDs. (*Id.*)

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 7

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

specific exemption assertions.[8] Such a vague conclusory objection must fail. *Cf. United Affiliates Corp.*, 154 Fed. Cl. at 341 (denying broad objections to privilege assertions in motion to compel when plaintiffs failed to identify specific log entries they challenged and provided only "exemplar" deficient log entries instead).

### C. The IRS properly withheld responsive records under the applicable exemptions

Plaintiff improperly raises generalized objects to almost every exemption the IRS asserts, *cf. id.; Steele*, 2022 U.S. Dist. LEXIS 127291, at *12, but as explained below, the IRS properly withheld responsive records under the applicable exemptions.

#### 1. The IRS properly withheld records under the attorney-client privilege

Plaintiff wrongly asserts that the IRS cannot claim attorney-client privilege over factual information, such as audit workpapers. But even "purely factual information between attorney and client merit protection when those facts are provided . . . for the purpose of enabling [the attorney] to provide legal advice." *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 16 (D.D.C. 2016), *aff'd*, 892 F.3d 1264 (D.C. Cir. 2018). As noted in the various descriptors of the IRS's *Vaughn* index and accompanying declaration, the documents Microsoft objects to are mostly workpapers provided to IRS Chief Counsel attorneys as part of a request for advice on a particular issue, while others are workpapers containing handwritten notes or analysis that were exchanged to solicit or inform legal advice from attorneys. (ECF doc. 51-3 (Valvardi Decl.) ¶¶ 23–28.) Plaintiff's cursory objection to the IRS's attorney-client privilege claims is thus unavailing.

---

[8] Plaintiff complains that the IRS's *Vaughn* index includes four attachments without parent documents, but each of the parent documents were released in full to Plaintiff. (Valvardi Suppl. Decl. ¶ 15.)

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 8

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

### 2. The IRS properly withheld records under the deliberative process privilege

Plaintiff also challenges the IRS's claims of the deliberative process privilege. Plaintiff first argues that the IRS's decision-making about the extent of Plaintiff's tax liability cannot qualify for the protection based on a single unpublished case in another court from over fifteen years ago.[9] But courts regularly find workpapers and other intra-agency communications in audits to qualify for withholding under the deliberative process privilege as long as the records are both pre-decisional and deliberative. *See, e.g.*, *Highland Cap. Mgmt., LP v. Internal Revenue Serv.*, 408 F. Supp. 3d 789, 815 (N.D. Tex. 2019) (finding documents to be clearly "pre-decisional, since they were generated prior to the IRS's final decision to adjust Plaintiff's tax liability"); *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1280 (11th Cir. 2004) (noting the importance of viewing the entire audit process as a whole and finding audit work papers were protected by the deliberative process privilege).

The IRS's *Vaughn* index and exemption declaration provide sufficiently detailed descriptions to support the agency's deliberative process assertions. The declaration, among other things, supplies much of the information that Plaintiff complains is lacking, including the function and role of the documents, many of which are drafts, in the exam process. (Valvardi Decl. ¶¶ 29–38); *cf. Highland Cap. Mgmt., LP*, 408 F. Supp. 3d at 815 (documents treated as deliberative where index sufficiently described their function and role in audit process). Indeed, the IRS's descriptions are on par with those in *Competitive Enter. Inst. v. EPA*, when the court held that "discussion among multiple staff . . . concerning a request from [another agency]" was sufficient to establish that the deliberative process privilege applied. *Highland Cap. Mgmt., LP*, 408 F. Supp. 3d at 815–16 (citing 232 F. Supp. 3d 172, 186 (D.D.C. 2017)).

---

[9] The non-binding case on which Plaintiff relies, *Safeway, Inc. v. IRS*, No. 05-cv-3182 SBA, 2006 U.S. Dist. LEXIS 81078 (N.D. Cal. Oct. 24, 2006), is distinguishable because the court there also assumed that the documents at issue lacked the subjective, personal thoughts of IRS employees in the absence of a sufficient description of the documents' contents, which is not the situation here.

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 9

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

While Plaintiff objects to the repetitive nature of many of the index's descriptions, it cites no law that repeated descriptions are insufficient. Indeed, "categorization and repetition provide efficient vehicles by which a court can review withholdings that implicate the same exemption for similar reasons." *Jud. Watch, Inc.*, 449 F.3d at 147; *see supra* at 5 (section I.B.). Plaintiff's complaint that it cannot identify a final agency decision is similarly meritless. The IRS need not identify a final decision when claiming deliberative process. *Nat'l Sec. Archive v. C.I.A.*, 752 F.3d 460, 463 (D.C. Cir. 2014) ("There may be no final agency document because a draft died on the vine," "[b]ut the draft was still a draft and thus still pre-decisional and deliberative"). Instead, it is important to view the entire audit process as a whole when evaluating deliberative process claims. *See Moye, O'Brien, O'Rourke, Hogan, & Pickert*, 376 F.3d at 1280.

### 3. The IRS properly withheld records as work product

The IRS, on further review, withdraws its work-product claims for any material pertaining solely to Plaintiff because the IRS did not, for purposes of this privilege, reasonably foresee U.S. Tax Court or U.S. District Court litigation involving Plaintiff's examination for the tax periods covered by Plaintiff's FOIA requests. (Valvardi Supp. Decl. ¶¶ 18–22.) The IRS also submits a supplemental exemption declaration consistent with the above,[10] and notes that it continues to withhold the information under other exemptions.

As clarified by the supplemental declaration, the remaining documents for which the IRS asserts work-product claims relate to tax cases involving taxpayers other than Plaintiff which were anticipated or currently being litigated. (*Id.* ¶¶ 19, 21.) Plaintiff's arguments, which relate to its own audit, thus do not apply. The documents for which the IRS asserts attorney work-product were all prepared by a government attorney, or by an IRS employee at the supervision of a government attorney, as shown in the amended *Vaughn* index or on the portions of the records

---

[10] The supplemental declaration includes an amended *Vaughn* index.

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 10

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

released to Plaintiff. (ECF doc. 51-3 (Valvardi Decl.) ¶¶ 40–41.) The IRS's *Vaughn* indices and declarations thus adequately detail the basis for its work product claims, including identifying the litigation anticipated.[11]

### 4. The IRS properly withheld records under Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7)

Plaintiff's contention that the IRS has waived its Exemption 3 with § 6103(e)(7) withholdings because the IRS's initial moving papers did not contain any support for these withholdings is neither fully accurate nor of substantive consequence. Undersigned counsel inadvertently filed the Walter Choi Declaration supporting the § 6103(e)(7) assertions for this case in the docket of the related consolidated cases, 15-cv-369, -850, because he erroneously cited that declaration in the summary judgment motion for the other cases.[12] As a result, he failed to realize that no Exemption 3 with § 6103(e)(7) argument was briefed here. The IRS has already filed an errata here correcting the omission of the Choi Declaration, which specifically addresses the IRS's § 6103(e)(7) in this matter, consistent with the IRS's *Vaughn* index assertions. (ECF doc. 63.)

In light of the above and given: (1) the fact that the rationale supporting the Exemption 3 with § 6103(e)(7) argument is like the rationale justifying Exemption 7(A), which was raised in the IRS's summary judgment motion; (2) the common exemption arguments among the cases; and (3) the fact that Plaintiff raised a slightly more substantive § 6103(e)(7) argument and specifically addressed the Choi Declaration in the related cases, a finding of waiver is not

---

[11] The IRS also amends its *Vaughn* index to add for certain entries: (a) the basis for its work-product assertions where the basis was erroneously omitted (even though the work-product assertions were identified); and (b) deliberative process exemption assertions where exemption was erroneously omitted (even though the basis for deliberation process privilege was explained). (Valvardi Supp. Decl. ¶ 24.)

[12] The Walter Choi declaration and the cite to the declaration in the related consolidated cases should be disregarded as to the other consolidated cases, and instead should be considered in this case.

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 11

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

warranted here.[13] *Aug. v. FBI*, 328 F.3d 697, 702 (D.C. Cir. 2003) (recognizing pure mistake as a circumstance where government could belatedly invoke FOIA exemptions).

Section 6103(e)(7) provides that "[r]eturn information with respect to any taxpayer may be open to inspection or by disclosure . . . if the Secretary [of the Treasury] determines that such disclosure would not seriously impair Federal tax administration."[14] Under § 6103(e)(7), the IRS thus is even prohibited from disclosing to a taxpayer its own return information.

The IRS has withheld some records in full or in part under § 6103(e)(7) because they document communications and activities: (1) involved in the IRS's examination of Plaintiff; or (2) related to examinations or other enforcement activities of other taxpayers. (ECF doc. 63-1 (Choi Decl.) ¶¶ 10-13.) Release of the withheld material would seriously impair Federal tax administration by revealing the scope, direction, and nature of the IRS's investigation, as well as its strategies and theories. (*Id.*) Disclosure of such information would provide Plaintiff with an unfair advantage by prematurely enabling it to craft explanations or defenses in response. (*Id.*)

Plaintiff argues that the IRS's *Vaughn* index entries and exemption declaration are conclusory and consist of generalized allegations. But the Supreme Court has held that it is unnecessary for an agency claiming this exemption to show on a line-by-line or a document-by-document basis how disclosure of certain documents could interfere with enforcement proceedings. *NLRB v. Robins Tire & Rubber Co.*, 437 U.S. 214, 223-24 (1978); *see also Batton*

---

[13] The IRS will consent to Plaintiff's filing of a sur-reply addressing its § 6103(e)(7) withholdings, although given the exemption commonality between the related consolidated cases and this one, it expects Plaintiff's argument to be the same, which is that the IRS's declaration is conclusory, and which the IRS addresses here.

[14] The Internal Revenue Code defines "tax administration" broadly as: "(i) the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and (ii) the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and (B) includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions." 26 U.S.C. § 6103(b)(4).

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 12

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

*v. Evers*, 598 F.3d 169, 181 (5th Cir. 2010) ("Indeed, this court has recognized that a categorical approach may be taken to determine whether records are exempt from disclosure in cases that implicate law enforcement records. . .") (citation omitted).

The Choi declaration provides substantial detail justifying the IRS's withholdings under § 6103(e)(7) and the IRS's *Vaughn* index details the tax return information records withheld under these exemptions. Thus, the IRS properly invokes Exemption 3 in conjunction with § 6103(e)(7). *See Currie v. IRS*, 704 F.2d 523, 532 (11th Cir. 1983) (affirming § 6103(e)(7) claims because disclosure of IRS tax investigation documents would reveal the scope, direction, and strength of the investigation, and thwart the IRS's duty to enforce the revenue laws).

### 5. The IRS properly withheld records under Exemption 7(A)

For the same reasons, Plaintiff's contention that the IRS's *Vaughn* index entries and declaration supporting its Exemption 7(A) claims are conclusory and non-descriptive are meritless. Detailed *Vaughn* indices are generally not required in Exemption 7(A) cases. *E.g.*, *Sarno v. U.S. Dep't of Just.*, 278 F. Supp. 3d 112, 124 (D.D.C. 2014); *Agrama v. IRS*, 282 F. Supp. 3d 264, 273 (D.D.C. 2017) ("Federal courts may make generic determinations that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally interfere with enforcement proceedings."), *aff'd*, No. 17-5270, 2019 WL 2064505 (D.C. Cir. Apr. 19, 2019).

Moreover, although Plaintiff alleges that the IRS's declaration must show how revealing the focus of an investigation would interfere with enforcement proceedings, it fails to realize that courts have often found similar concerns justify Exemption 7(A) withholdings when the records relate to a specific individual or entity that is the subject of the ongoing investigation, making the likelihood of interference readily apparent, as is the case here. *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 746 F.3d 1082, 1098 (D.C. Cir. 2014).

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 13

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

### 6. The IRS properly withheld records under Exemption 2

Exemption 2 protects personnel and similar files, including, among other things "evaluations of . . . work performance." *Milner v. Dep't of Navy*, 562 U.S. 562, 569–70 (2011) Plaintiff argues that the IRS's Exemption 2 claims do not solely relate to its personnel rules and practices because at least one document withholds "communication describing examiner's planned work on exam, and discussing agency resources and limitations." But the fact that a document describes audit work does not mean it cannot solely relate to personnel rules and practices. Plaintiff again ignores the other descriptors in the *Vaughn* index and the IRS's exemption declaration. The document Plaintiff challenges is a "workload review" that is used by the IRS to review a specific employee's workload and evaluate employee job performance. (Valvardi Decl. ¶ 12.e.) Such a document, much like a performance evaluation, is protected by Exemption 2. *See Stein v. U.S. Dep't of Just.*, 134 F. Supp. 3d 457, 471 (D.D.C. 2015) (finding that case evaluation forms "relate[d] solely to the FBI's internal personnel rules and practices" and were exempt from disclosure under Exemption 2).

As described more fully in the IRS's exemption declaration and the accompanying *Vaughn* index, the IRS withheld information under Exemption 2 because it relates solely to agency personnel matter. (Valvardi Decl. ¶ 10.) The IRS's Exemption 2 claims are thus proper.

### 7. The IRS properly withheld records under Exemption 4

Plaintiff next challenges the IRS's Exemption 4 claims based on misreading of *Food Mktg. Inst. v. Argus Leader Media*. 139 S. Ct. 2356, 2366 (2019). The Supreme Court in that case stated only that information is "confidential within the meaning of Exemption 4" *"[a]t least . . . where financial information is both . . . treated as private by its owner and provided to the government under an assurance of privacy." Id.* (emphasis added). The *Argus Leader* case did not diminish the scope of agencies' withholding information such as bank account numbers and billing information as "confidential" under Exemption 4. Indeed, courts have found agencies

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 14

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

acted properly in redacting or withholding similar information. *Rocky Mountain Wild, Inc. v. United States Forest Serv.*, No. 18-CV-03065-MEH, 2021 WL 825985, at *19 (D. Colo. Mar. 4, 2021) (regarding "corporate bank account numbers, estimated insurance premiums, and information provided in connection with billing statements from Plaintiff's counsel"); *cf. Calderon v. U.S. Dep't of Agric.,* 236 F. Supp. 3d 96, 119 (D.D.C. 2017) (finding bank information properly exempted under Exemption 4).

### 8. The IRS properly withheld records under Exemptions 6 and 7(C)

Plaintiff's objections to the IRS's privacy withholdings are just as meritless. Information such as "a person's name, address, place of birth, employment history, and telephone number," as well as travel plans are all protected under Exemption 6. *Shapiro v. U.S. Dep't of Justice*, 34 F. Supp. 3d 89, 94 (D.D.C. 2014) (collecting cases); *see also Campaign Legal Ctr. v. United States Dep't of Just.*, 373 F. Supp. 3d 160, 173 (D.D.C. 2019) (travel plans). Moreover, Exemption 7(C) provides a lower floor for withholding records than does Exemption 6. *See U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 756 (1989).

Indeed, it is unclear if there is "any FOIA public interest in disclosure of this information." *Campaign Legal Ctr.*, 373 F. Supp. 3d at 173. "FOIA "ensure[s] that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." *Id.* (quotation omitted).

### CONCLUSION

For all these reasons, the Service respectfully requests that the Court enter summary judgment in its favor.[15]

---

[15] If the court determines that an agency's summary judgment affidavits and accompanying evidence are insufficient, the proper remedy is to first allow the agency to cure any insufficiency by providing supplemental declarations or conducting additional searches. *People for the Ethical Treatment of Animals, Inc. v. Bureau of Indian Affairs*, 800 F. Supp. 2d 173, 178 n. 2 (D.D.C. 2011). *Shannahan v. IRS*, 637 F. Supp. 2d 902 (W.D. Wash. 2009) (declining request for limited discovery in favor of allowing the IRS to supplement its records).

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 15

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

Date: August 22, 2022

    DAVID A. HUBBERT
    Deputy Assistant Attorney General
    U.S. Department of Justice, Tax Division

By:   *s/ Stephen S. Ho*
    Stephen S. Ho
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 227
    Washington, DC 20044
    Tel:  (202) 616-8994
    Fax:  (202) 514-6866
    Email:  stephen.s.ho@usdoj.gov

***Attorney for Defendant Internal Revenue Service***

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 16

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of this REPLY via the Court's electronic case filing system on August 22, 2022.

/s Stephen S. Ho

STEPHEN S. HO

IRS'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
(Case No. 2:15-cv-1605)
Page 17

U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)
202-514-6866 (Fax)